## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TRANS WORLD TRANSPORTATION,** ) <br> **SERVICES, L.L.C.,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **UNION PACIFIC RAILROAD** ) <br> **COMPANY,** ) <br> ) <br> **Defendant.** ) <br> _____) | **CIVIL ACTION** <br><br> **No. 13-2139-KHV-GLR** |

## MEMORANDUM AND ORDER

In the District Court of Wyandotte County, Kansas, Trans World Transportation Services, L.L.C. brought this action against Union Pacific Railroad Company. Petition For Breach Of Contract (Doc. #7-1) filed March 27, 2013. Defendant removed the case to federal court based on diversity jurisdiction. Notice Of Removal (Doc. #1) filed March 21, 2013. This matter comes before the Court on defendant's Motion To Dismiss For Improper Venue Under Federal Rule 12(b)(3) (Doc. #6) filed March 27, 2013. For the reasons stated below, the Court sustains defendant's motion.

## Legal Standards

The Court considers a motion to dismiss for improper venue under Rule 12(b)(3), Fed. R. Civ. P. See Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 956 (10th Cir. 1992). Plaintiff bears the burden of establishing that venue is proper. Black & Veatch Constr., Inc. v. ABB Power Generation, Inc., 123 F. Supp.2d 569, 572 (D. Kan. 2000). The Court resolves all factual disputes in plaintiff's favor. Id. In ruling on the motion, the Court may consider matters outside the pleadings without converting it to a motion for summary judgment. Topliff v. Atlas Air, Inc., 60 F. Supp.2d 1175, 1176

(D. Kan. 1999).

## Factual Background

On or about July 1, 2010, the parties entered into a written contract for plaintiff to provide major intermodal tire, trailer and chassis repair work to defendant. The contract includes a provision for arbitration, choice of law and choice of forum as follows:

**Section 6. ENFORCEABILITY, CHOICE OF LAW, CHOICE OF FORUM.**
This Agreement shall be governed, construed, and enforced in accordance with the laws of the State of Nebraska. The arbitration mechanism set forth in this agreement shall be instituted and maintained only in Omaha, Nebraska and the parties consent to their participation in such arbitration procedures in that forum.

Contract For Work Or Services, attached as Exhibit 1 to Petition For Breach Of Contract (Doc. #7-1) at 11. Section 23 of the contract provides that in the event of a "disagreement between the parties as to the interpretation or implementation of [the] Agreement," the parties shall follow a prescribed arbitration procedure. Id. at 19.

Trans World brought suit in the District Court of Wyandotte County, Kansas for breach of contract and breach of the duty of good faith. As noted, Union Pacific removed the case to federal court, see Notice of Removal (Doc. # 1), and now asks this Court to dismiss the action for improper venue based on the arbitration, choice of law and choice of forum clause.

## Analysis

A federal court exercising diversity jurisdiction determines the application of a forum selection clause under federal law. Black & Veatch, 123 F. Supp.2d at 577; see Stewart Org. v. Rioch Corp., 487 U.S. 22, 27 (1988). Forum selection clauses are prima facie valid and Courts should enforce them unless a party can show that enforcement would be unreasonable or unjust. Bremen v. Zapata Off-Shore

Co., 407 U.S. 1, 10 (1972) (admiralty case). Plaintiff therefore bears a heavy burden to overcome the forum selection clause. Id. at 14. An enforceable forum selection clause must "clearly confine the litigation to specific tribunals at the exclusion of all others." SBKC Serv. Corp. v. 1111 Prospect Partners, L.P., 105 F.3d 578, 582 (10th Cir. 1997).

Defendant asserts that the parties are required to engage in arbitration in Nebraska and that the District of Nebraska is the only proper forum for this action. Motion To Dismiss at 1 (Doc. #6). Plaintiff contends that this case does not fall within the arbitration provision. Plaintiff Trans World Transportation Services, LLC's Suggestions In Opposition to Defendant's Union Pacific Railroad Company's Motion To Dismiss For Improper Venue Under Federal Rule 12(b)(3) (Doc. #8) filed April 16, 2013. Plaintiff primarily asserts two arguments: (1) the arbitration clause does not apply to its claims in this case; and (2) the alleged forum selection clause only governs the appropriate venue for arbitration, not judicial action.[1]

## I. Scope Of The Arbitration Clause

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., demonstrates a strong public policy in favor of arbitration. 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1055 (10th Cir. 2006). Section 2 of the FAA provides that agreements to arbitrate are generally "valid, irrevocable, and enforceable." 9 U.S.C. § 2 (2012). Under the Act, federal courts are required to honor and enforce

---

[1] Plaintiff also argues that the Court should treat defendant's removal to federal court as a waiver of any venue objections. This argument is without merit. Plaintiff does not cite any authority to support this proposition, and federal courts have repeatedly held that a party's removal to federal court does not waive venue objections. See Spectracom, Inc. v. Tyco Int'l, Inc., 124 F. App'x 75, 77 (3d Cir. 2004); Lambert v. Kysar, 983 F.2d 1110, 1113 n.2 (1st Cir. 1993); Knight Oil Tools, Inc. v. Unit Petroleum Co., No. 05-0669, 2005 WL 2313715, at *2 (D.N.M. Aug. 31, 2005); see also Int'l Software Sys., Inc. v. Amplicon, Inc., 77 F.3d 112, 113-15 (5th Cir. 1996) (affirming dismissal of removed action for improper venue); Spradlin v. Lear Siegler Mgmt. Servs. Co., 926 F.2d 865, 866 (9th Cir. 1991) (same).

agreements to arbitrate. Vaden v. Discover Bank, 556 U.S. 49, 71 (2009). Section 4 of the FAA allows a party to petition a court to compel arbitration. 9 U.S.C. § 4. Courts construe arbitration clauses broadly. See Hammond v. Alfaro Oil & Gas, LLC, No. 10-1326-MLB, 2011 WL 976711, at *3 (D. Kan. Mar. 17, 2011). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. Id. (citing First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995)). Even collateral matters are subject to arbitration if sufficiently related to contract construction or contractual rights. Id. at *4 (citing Burlington N. & Santa Fe Ry. Co. v. Pub. Serv. Co. of Okla., 636 F.3d 562, 569 (10th Cir. 2010)). District courts must defer to arbitration "'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" Oil, Chem. & Atomic Workers Int'l Union Local 5-391 v. Conoco, Inc., 64 F. App'x 178, 182 (10th Cir. 2003) (quoting United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960)).

Here, the parties agreed to arbitrate any "disagreement . . . as to the interpretation or implementation of [the] Agreement." Exhibit 1 to Petition For Breach Of Contract (Doc. #7-1) at 19. In Coors Brewing Co. v. Molson Breweries, 51 F.3d 1511 (10th Cir. 1995), the Tenth Circuit examined a similar arbitration agreement covering the "implementation, interpretation, and enforcement" of an agreement. The Tenth Circuit noted that the term "implementation" is comprehensive in nature. Id. at 1515. Combined with the "interpretation" language and the federal policy favoring arbitration, the Tenth Circuit determined that the arbitration agreement was broad in scope and fully enforceable. Id. (arbitration provision regarding "implementation, interpretation, and enforcement" of agreement encompassed antitrust matters). Likewise, here, plaintiff's contract claims fall within the broad scope of the "interpretation" and "implementation" of the parties' agreement and is therefore subject to the

arbitration requirement.

## II. Effect Of The Forum Selection and Arbitration Clauses

The FAA establishes special venue rules that supplant the general venue provisions found in 28 U.S.C. § 1291-92. See 1mage Software, 459 F.3d at 1053-54. Venue for a judicial action to compel arbitration is only appropriate in the specified arbitration forum. See id. at 1054-55.

This Court's decision in Hammond v. Alfaro Oil & Gas, LLC, No. 10-1326-MLB, 2011 WL 976711 (D. Kan. Mar. 17, 2011) is informative. In Hammond, the parties entered into a contract containing a forum selection and arbitration clause wherein the parties agreed to arbitrate any disputes in San Antonio, Texas. Hammond, 2011 WL 976711, at *3. The plaintiff filed suit without first engaging in arbitration. This Court found that the parties were bound by their agreement to arbitrate in Texas and dismissed the suit for improper venue. Id. at *4.

This case presents a similar scenario. The parties entered into an agreement that included arbitration procedures in the event of a disagreement. The contract required that any such arbitration "shall be instituted and maintained only in Omaha, Nebraska[.]" Exhibit 1 to Petition For Breach Of Contract (Doc. #7-1) at 19. Thus, similar to Hammond, the parties have agreed to arbitrate disagreements regarding the contract exclusively in Omaha, Nebraska. The parties did not do so before plaintiff filed this lawsuit. Therefore, venue is improper in the District of Kansas.

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss For Improper Venue Under Federal Rule 12(b)(3) (Doc. #6) filed March 27, 2013, be and hereby is **SUSTAINED**.

Dated this 20th day of August, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge